# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AMERICAN FIDELITY ASSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-11-1284-D |
| THE BANK OF NEW YORK MELLON, | ) ) ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, for Leave to Amend the Answer and Brief in Support [Doc. No. 48]. Plaintiff has responded to the motion [Doc. No. 60] and Defendant has filed a reply [Doc. No. 61]. For the reasons set forth below, Defendant has waived the defense of personal jurisdiction and Defendant's motion, therefore, is denied.

**I.  Case History**

This action was filed on November 1, 2011. Defendant filed its first motion to dismiss on April 12, 2012, pursuant to Fed. R. Civ. P. 12(b)(6).  On January 18, 2013, the Court granted Defendants's motion to dismiss but further granted Plaintiff's request for leave to amend the complaint.  Plaintiff filed an amended complaint on February 8, 2013 and a second amended complaint on April 19, 2013.  Defendant then moved to dismiss the second amended complaint and again sought dismissal pursuant to Fed. R. Civ. P. 12(b)(6).  The court denied the motion to dismiss on December 26, 2013. Defendant filed its answer to the second amended complaint on January 10, 2014.

Thereafter, on February 27, 2014, the parties submitted a Joint Status Report and Discovery Plan. Defendant states therein that it "may move to dismiss the case in light of recent Supreme Court decisions that limit the permissible scope of personal jurisdiction under the U.S. Constitution." *See id*. at p. 3, ¶ 6. Defendant filed the pending motion to dismiss on March 3, 2014, raising for the first time the defense of lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Defendant moves for dismissal on grounds that this Court lacks both general and specific personal jurisdiction over it. Defendant relies on two recent decisions of the United States Supreme Court, *Daimler AG v. Bauman*, – U.S. –, 134 S.Ct. 746 (2014) and *Walden v. Fiore*, – U.S. –, 134 S.Ct. 1115 (2014). Defendant contends that in *Daimler*, the Supreme Court announced a change in law regarding general personal jurisdiction and that prior to *Daimler*, existing Tenth Circuit precedent precluded Defendant from raising the defense.

## II. Discussion

### A. The Waiver Rule

Personal jurisdiction is a defense that is subject to waiver. *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) ("A defect in the district court's jurisdiction over a party, however, is a personal defense which may be asserted or waived by a party."). Pursuant to Fed. R. Civ. P. 12(h)(1), a party waives the defense of lack of personal jurisdiction if the party moves for dismissal and does not include the defense in the motion. *See id*. ("A party waives any defense listed in Rule 12(b)(2)-(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2) . . . ."); *see also United States v. 51 Pieces of Real Property, Roswell, N.M.*, 17 F.3d 1306, 1314 (10th Cir. 1994)("If a party files a pre-answer motion and fails to assert the defenses of lack of personal jurisdiction or insufficiency of service, he waives these defenses."); Thus, when

Defendant moved to dismiss Plaintiff's complaint (and amended complaint) pursuant to Fed. R. Civ. P. 12(b)(6) it was required under the federal rules to simultaneously move for dismissal under Fed. R. Civ. P. 12(b)(2)-(5).

Defendant acknowledges the waiver provisions of Rule 12(h), but contends the defense of lack of personal jurisdiction was not available when it previously moved for dismissal. *See* Fed. R. Civ. P. 12 (g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection *that was available* to the party but omitted from its earlier motion.") (emphasis added). Generally, a defense is unavailable "if its legal basis did not exist at the time of the answer or pre-answer motion . . . ." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 813 n. 9 (D.C. Cir. 1988) (citations omitted). *See also Holzsager v. Valley Hospital*, 646 F.2d 792, 796 (2d Cir. 1981) ("[A] party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made . . . .").

As stated, Defendant contends the Supreme Court's *Daimler* decision constitutes a change in law as to general personal jurisdiction.[1] According to Defendant, general personal jurisdiction existed over it before this change in law. *See* Defendant's Motion at p. 6 ("[t]he plaintiff *appeared* to meet the then-governing standard" for general personal jurisdiction) (emphasis added).[2] Defendant contends the fact that general personal jurisdiction "appeared" to be satisfied, rendered a challenge to specific personal jurisdiction superfluous. *See id.*, *see also* Defendant's Motion at p.

---

[1]Defendant does not contend there has been a change in the law regarding the grounds for its defense of lack of specific personal jurisdiction but does rely upon *Walden* to support its argument that there is no specific personal jurisdiction under the facts of this case. According to Defendant, *Walden* has "sharpened" the arguments available to establish a lack of specific jurisdiction. *See* Defendant's Motion at p. 15. Indeed, Defendant relies almost exclusively on well-established Tenth Circuit authority to support its argument that there is no specific personal jurisdiction.

[2]ECF pagination is used to reference portions of Defendant's brief.

3

20 ("[W]hen BNYM filed its answer it would have been held subject to general jurisdiction in Oklahoma" and, therefore, "arguments related to specific jurisdiction . . . would have been irrelevant because BNYM would have been subject to general jurisdiction."). In other words, Defendant concedes it could have previously challenged specific personal jurisdiction but did not do so because Plaintiff's allegations were purportedly sufficient to establish general jurisdiction.[3]

The Court finds these arguments unavailing. Contrary to Defendant's argument, *Daimler* did not create a basis for challenging personal jurisdiction not previously available to Defendant.

### B. The Supreme Court's *Daimler* Decision

According to Defendant, the *Daimler* decision "dramatically narrowed the circumstances in which a court may exercise general personal jurisdiction over an out-of-state corporation." *See* Defendant's Motion at p. 1. Defendant contends that under *Daimler*, "[g]eneral jurisdiction exists only when the defendant's contacts with the forum state are so 'continuous and systematic as to render [it] essentially at home' there." *See id.* at p. 6 (*quoting Daimler*, 134 S.Ct. at 761). Defendant further contends – albeit erroneously – that *Daimler* holds for the first time that general jurisdiction only exists in a forum where a corporation is incorporated or has its principal place of business. *See* Defendant's Motion at p 2.[4]

Defendant contends Plaintiff's conclusory allegation that Defendant "engaged in systematic and continuous contact with Oklahoma" does not come close to meeting this "new standard." *See*

---

[3]In response, Plaintiff contends it has never sought to invoke general personal jurisdiction over Defendants.

[4]As discussed *infra*, the Court found in *Goodyear* that a corporation is at home where it has its principal place of business or where it is incorporated but did not limit general jurisdiction to these two locations. Defendant claims in *Daimler* the Court did just that. But contrary to Defendant's assertion, in *Daimler* the Court expressly continued to acknowledge that it would be possible for a corporation to be "at home" in places outside of its place of incorporation or principal place of business. *See Daimler*, 134 S.Ct. at 761 n. 19.

4

Defendant's Motion at p. 12. And Defendant contends that because it is neither incorporated in the state of Oklahoma nor has its principal place of business there, general jurisdiction is now lacking.

Defendant impermissibly asks this Court to presume that Plaintiff's mere allegation that Defendant has "continuous and systematic" contacts with the forum state was sufficient under pre-*Daimler* authority to establish general personal jurisdiction. Significantly, Defendant makes no attempt to develop this argument or demonstrate how the exercise of general jurisdiction would have been proper prior to *Daimler*.

More importantly, the standard Defendant relies upon was not pronounced by the Supreme Court in *Daimler*, but was pronounced more than two years earlier in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, – U.S. –, 131 S.Ct. 2846 (2011). And unlike the case law relied upon by Defendant to support the unavailability of the defense, as discussed below, *Daimler* did not announce a new constitutional rule or overrule prior precedent. *Compare Holzsager*, 646 F.2d at 795 (personal jurisdiction defense not waived where intervening Supreme Court decision declared unconstitutional state law permitting exercise of personal jurisdiction through quasi-in-rem attachment of insurance policies issued by resident insurers). Nor has Defendant shown the defense would have been futile under pre-*Daimler* precedent. *See Bennett v. City of Holyoke*, 362 F.3d 1, 7 (1st Cir. 2004) (upholding waiver of defense where party failed to demonstrate it would have been futile to raise if timely asserted where defense was "fairly available"; absence of precedent directly on point does not excuse a party's failure to assert an available defense"); *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009) (finding no waiver where defense of lack of personal jurisdiction, if previously raised, would have been "directly contrary to controlling precedent" and subsequent decision "overruled that precedent").

5

In *Goodyear*, the Supreme Court held that a court may assert general jurisdiction over a foreign corporation "to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear*, 131 S.Ct. at 2851. The "paradigm forum for the exercise of general jurisdiction . . . [is] one in which the corporation is fairly regarded as at home." *Id*. at 2853-54. These "paradigm forums" are the principle place of business and the place of incorporation. *Id*.

Thus, Defendant's challenge to general jurisdiction was available well before the *Daimler* decision. Indeed, multiple statements by the Court in *Daimler* demonstrate that the standard Defendant relies upon was clearly first expressed in *Goodyear*. *See, e.g*, *Daimler*, 134 S.Ct. at 758 n. 11 ("As the Court made plain in *Goodyear* and repeats here, general jurisdiction requires affiliations 'so continuous and systematic' as to render [the foreign corporation] *essentially at home in the forum State*.") (emphasis added); *id.,* 134 S.Ct. at 751 ("*Instructed by Goodyear*, we conclude Daimler is not 'at home' in California . . . .") (emphasis added); *id*., 134 S.Ct. at 761 ("*[T]he inquiry under Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum state.") (emphasis added).

To counter waiver, in its reply Defendant cites to the concurrence of Justice Sotomayer in *Daimler* in which she states that the Supreme Court has "adopt[ed] a new rule of constitutional law." *See* Defendant's Reply at p. 9 *citing Daimler*, 134 S.Ct. at 773 (Sotomayor, J., concurring). But Defendant injects an overly broad application of the statement made in the concurrence. Significantly, Justice Sotomayor was *not* addressing the "at home" standard central to Defendant's

argument here. Instead, she was addressing a holding of the Court not relied upon by Defendant – the majority's conclusion that a foreign defendant's contacts with the forum must be "viewed in comparison to the company's nationwide and worldwide activities." *Id*. at 770.

Defendant further cites what it contends to be contrary Tenth Circuit precedent that predates the *Goodyear* decision to support its contention that the argument concerning general jurisdiction could not have been raised pre-*Daimler*.[5] But Defendant ignores Tenth Circuit precedent immediately after *Goodyear* that clearly relies upon the "at-home" standard announced in *Goodyear*. *See, e.g., Monge v. RG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598, 620 (10th Cir. 2012); *see also Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed. Appx. 86, 94-96 (10th Cir. 2012). This precedent existed in 2012, well before the Supreme Court's *Daimler* decision.

Moreover, circuit courts to address general jurisdiction post-*Daimler* have recognized that it "reaffirmed" *Goodyear*. Significantly, these courts have not presumed general jurisdiction is lacking if the corporation's place of incorporation or principal place of business is not in the forum state. Instead, the inquiry the courts continue to make even, post-*Daimler,* is whether the contacts with the forum state are so continuous and systematic as to render a defendant "at home" in the forum state. *See, e.g., Sonera Holding B.V. v. Cukurova Holding, A.S.,* 750 F.3d 221, 222 (2d Cir. 2014) (noting that *Daimler* "*reaffirms* that general jurisdiction extends beyond an entity's state of incorporation and principal place of business only in the exceptional case where its contacts with

---

[5]For example, Defendant cites *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013). *See* Defendant's Motion at p. 6. But in *Newsome*, the court's analysis focused solely on specific jurisdiction as the plaintiff did not contend general jurisdiction existed over defendants. Thus, Defendant's reliance on *Newsome* is unpersuasive.

another forum are so substantial as to render it 'at home' in the state.") (emphasis added);[6] *Snodgrass v. Berklee College of Music*, 559 Fed. Appx. 541, 542 (7th Cir. 2014) (addressing – post *Daimler* – whether out-of-state corporation's affiliations with the forum state were so continuous and systematic as to render the corporation at home in that state). In addition, at least one district court has found waiver of the defense of personal jurisdiction where, as here, the defendants contended that *Daimler* announced a new rule. *See Gilmore v. Palestinian Interim Self-Government Authority*, – F.Supp.2d – , No. 1-853 (GK), 2014 WL 2865538 at * 4 (D.D.C. June 23, 2014) (stating that defendants were "flat-out wrong that *Daimler* was the genesis of [the "at home"] rule [and that] [t]he 'at home' standard was unmistakably announced in *Goodyear* . . . .").

## III. <u>Conclusion</u>

In sum, therefore, *Goodyear* announced the "at home" standard relied upon by Defendant. Because that standard was available more than two years ago, Defendant has not demonstrated the defense of lack of general personal jurisdiction was "unavailable" until January 2014 when *Daimler* was decided. Absent reliance u pon *Daimler*, Defendant has no other grounds upon which to defeat waiver of the personal jurisdiction defense.

Because the Court finds Defendant has waived the defense, there is no need to analyze whether specific personal jurisdiction exists over Defendant. Moreover, Defendant's request for

---

[6]Defendant relies on another post-*Daimler* decision from the Second Circuit, *In re Roman Catholic Diocese of Albany, New York, Inc*., 745 F.3d 30 (2d Cir. 2014). But there, too, the Second Circuit acknowledged that *Daimler* "reaffirmed that, under *Goodyear*, general jurisdiction might, 'in an exceptional case,' extend beyond a corporation's state of incorporation and principal place of business to a forum where 'a corporation's operations . . . [are] so substantial and of such a nature as to render the corporation at home in that State.'" *Id*. at 39 (quoting *Daimler*, 134 S.Ct. at 761 n. 19). Moreover, in analyzing the issue of general personal jurisdiction, the Second Circuit measured the contacts with the forum state not only against the "at home" standard expressed in both *Goodyear* and *Daimler*, but relied on prior Supreme Court precedent regarding the exercise of general personal jurisdiction including *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952) and *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). *See id*. at 40.

leave to amend the answer is denied. Granting such relief would be inconsistent with the Court's finding that Defendant has waived the lack of personal jurisdiction defense.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, for Leave to Amend the Answer and Brief in Support [Doc. No. 48] is DENIED.

IT IS SO ORDERED this 10th day of September, 2014.

*[Signature]*
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE